### POPE v. JONES, Executor of Jones.

Court of Common Pleas. Kent. July, 1796.

*Clayton's Notebook, 17.**

---

* This case is also reported in *Bayard's Notebook, 142.*

494

*Bayard,* counsel for the defendant, moved the Court to direct the jury to find a verdict for the defendant. He insisted that the Statute of Limitations was a positive law of which the Court were bound to take notice and which operated upon the evidence of the plaintiff so as effectually to bar a recovery without anything shown by the defendant. In support of his motion he relied on a case determined by the Supreme Court in New Castle in which that court had exercised the same power.

*Ridgely,* for the plaintiff, observed that the issues were fairly before the jury and the court would intrench upon their province if they intermeddled.

BASSETT, C. J., to the jury. This is a very plain case. The Act of Limitations is a positive and salutary law here, because it prevents accounts from coming forward which never ought to have made their appearance. The Court therefore conceive it incumbent upon them to inform you that the law effectually bars plaintiff's recovery.

JOHNS, J. I recollect the cause in New Castle mentioned by *Bayard* and was of counsel for the plaintiff in it.

The jury found for defendant without quitting the box.

*Fisher* was also counsel for defendant.

[NOTE.] Suppose defendant in the preceding case had moved to strike out his *similiter* and demur—or that he had demurred to the plaintiff's replication. 2 Tidd Pr. 678.